OTT *v.* BARTH.

*(Circuit Court, N. D. Illinois. July 5, 1887.)*

PATENTS FOR INVENTIONS—IMPROVEMENTS IN SOFA BEDSTEADS—INFRINGEMENT.
    The second claim of a patent issued to William Ott, on the twenty-third January, 1887, for an "improvement in sofa bedsteads," which is as follows: "In combination with the sections, A and B, the folding rods, F, F, and headboards, D and E, supporting the latter when extended to sustain the bolster, substantially as set forth;" *held* not to be infringed by a device which makes the folding rods rest upon the end-pieces of the lounge-frame, instead of upon head-boards, which are dispensed with.

*C. P. Jacobs* and *Dyrenforth & Dyrenforth*, for complainant.
*William Zimmerman*, for defendant.

BLODGETT, J. This is a bill in equity for an injunction and accounting by reason of the alleged infringement of a patent issued to the complainant on the twenty-third day of January, 1877, for an "improvement in sofa bedsteads." The improvement covered by this patent has reference to that class of sofas or lounges which may be opened or extended

so as to form a bed, and embraces two features: *First*, an adjustable head-piece,—that is, an arrangement whereby the head-piece of the lounge or sofa can be raised or lowered, within certain limits, at the will of the person using it; and, *secondly*, folding rests for the pillows or bolsters, when the lounge is used as a bed. The controversy in this case has reference solely to the latter feature, and does not involve in any way the adjustable head-piece.

Infringement is only charged in this case as to the second claim of the patent, which is in the following words:

"In combination with the sections, A and B, the folding rods, F, F, and head-boards, D and E, supporting the latter, when extended to sustain the bolster, substantially as set forth."

The lounge or sofa, under this patent, is constructed in two sections, the fixed section resting upon legs, and a folding section hinged to it so as to turn over in such manner that the under-side of the folding section should rest upon the top of the fixed section; and the folding rods, F, as they are called, consisting of iron rods bent U-shaped, the lower ends of which are pivoted to the sides of the frames of the respective sections, so that they can be folded down into the inside of the frames when the sections are closed together, for the purpose of forming a sofa or lounge, and folded outwardly when the lounge is to be used for a bed, so as to form a rest for the bolster or pillows used with the bed; one of the utilities, if not the main one, of these folding bolster rests, being to extend somewhat the length of the bed beyond the length of the sofa, as these folding rods, F, extend beyond the head of the sofa or lounge.

The defenses set up are (1) non-infringement; (2) that the patent is void for want of novelty.

The proof shows a large number, comparatively speaking, of prior devices for folding sofa beds, in which folding head-boards or head-pieces are shown; so that it may be assumed, as one of the established facts in this case, that folding bolster-rests or pillow-rests, for this class of beds, were not new with this inventor. In connection with the adjustable head-piece of this lounge, the patentee uses what he calls the head-boards, D and E, which are boards fastened to the head end of the lounge, outside of and to the end-pieces of the frames of the respective sections; and in describing the use of the folding rods, F, F, he says they may be turned up out of the recesses in the sections where they rest, when the sections are closed so as to rest on the head-boards, to sustain the bolster as shown in Fig. 1 of the drawings; and the illustration of this operation of these bolster-rests shows these folding rods resting upon the head-boards, D and E, extending beyond the head of the lounge, so that the bolster and pillows would be even with, if not beyond, the end-pieces of the lounge.

The defendant makes a lounge in which he uses folding-rods constructed and operating precisely like the folding-rods in the complainant's patent, except that instead of resting upon the head-boards, as shown in the complainant's patent, they rest upon the end-pieces of the lounge-frame; the only object of their resting upon the head-board or lounge frame being to hold these rods at the proper angle to sustain the

pillows or bolster in a comfortable position for the occupant of the bed. It is obvious that the end-pieces of the defendant's lounge perform the same function in his mechanism as do the head-boards in the complainant's device. In both cases the head-boards or end-pieces are only rests or fulcrums to hold the folding-rods at the proper angle. But the difficulty in this case—and it seems to me an insuperable one—is that the complainant has made these head-boards, D and E, elements in the claim of his patent which it is alleged the defendant infringes. This claim covers three elements: *First,* the sections, A and B, which are the folding sections of the lounge; *second,* the folding-rods, F, F; and, *third,* the head-boards, D and E; and the function of the head-boards of this claim is to support the folding-rods when extended to sustain the bolster.

It is so well settled that it hardly requires authorities at this time that the omission of one ingredient of a combination covered by any claim of a patent averts any charge of infringement based on that claim. Walker, Pat. § 349.

It is true, as already stated, that the end-pieces of the defendant's lounge perform the same office with reference to these folding-rods that is performed by the complainant's head-board; but the complainant has seen fit to make these head-boards elements of his patent. He has brought them into his combination as essential parts of it; and the defendant has merely left out these head-boards, and constructed his bed, by pivoting these folding-rods upon the sides of the frames of the sections, dropping them slightly lower down than the complainant's construction shows, and resting them upon the end-pieces of his frame. In other words, he has wholly dispensed with the head-boards shown in the complainant's patent. He has not substituted what is an equivalent for the head-boards in the complainant's combination, but has dispensed wholly with the head-board, and has used the end-pieces, which are not only in the complainant's lounge, but probably all other lounges, as the fulcrum on which his folding-rods rest; so that the defendant cannot be said, it seems to me, to use the combination covered by this second claim because he does not use the head-boards, but accomplishes the same result without their use. He throws the head-boards of complainant's patent away, and uses the portions of the structure which are left, without substituting anything in the place of the head-board which he has rejected. As is said in *Water-Meter Co.* v. *Desper,* 101 U. S. 335:

"It is a well-known doctrine of patent law that the claim of a combination is not infringed if any of the material parts of the combination are omitted. It is equally well known, if any one of the parts is only formally omitted, and and is supplied by a mechanical equivalent performing the same office and producing the same result, the patent is infringed."

Here the defendant omits one of the elements of the complainant's combination, and substitutes nothing for it, only using what he found in the complainant's lounge, and in other lounges with these head-boards left out. It seems to me, therefore, the end-pieces of these lounge-frames are not to be considered as the equivalent of the head-boards in this claim of complainant's patent. Complainant saw fit to make

these head-boards an element in his combination. They were in his lounge for other purposes, and he saw fit to appropriate them to the purpose of these folding-rods, and has a patent upon that in combination with the other parts of this lounge; and, having elected to make these head-boards an element in his combination, he can only claim an infringement when the head-board, or some colorable substitute for them, is used.

It is, perhaps, unfortunate for this patentee that he did not see that any rest which would hold the folding-rods at the proper angle was just as useful as the head-boards, and it would hardly seem possible that a mechanic looking at a drawing or model of his lounge could have escaped the observation that the folding-rods might rest just as well upon the end-pieces of the frames as upon the head-boards; and therefore he might, if he had seen fit to do so, have covered the idea of resting the folding-rods upon either the head-boards or end-pieces of his frame. In other words, any rest which would hold the folding-rods at the required angle might have been properly considered as his invention, if he had claimed it; but complainant saw fit to take his patent, so far as this feature of his device is concerned, upon the head-boards as an essential element of his structure, and the court can only protect him in what he has so claimed.

I am therefore reluctantly impelled to the conclusion that this defendant does not use the complainant's patent, so far as it is covered by the second claim. The bill is therefore dismissed for want of equity.